RICHARD BURKE, APPELLANT, *v.* DE CASTRO AND DONNER SUGAR REFINING COMPANY, RESPONDENT.

*Negligence — remedy of party injured by — liability of party renting imperfect machines.*

The defendant owned a wharf upon which was a derrick owned by it and worked by an engine in its building. A vessel loaded with sugar consigned to defendant, having arrived at the wharf, her master contracted with a stevedore to unload her, and the latter, in order to do so, hired the derrick and engine from the defendant by the hour. The plaintiff, an employe of the stevedore, was, while working in the hold, struck and injured by a basket of sugar which was being hoisted from the ship, and which fell through the hatch by reason of

the breaking of the rope to which it was attached. The rope belonged to, and was furnished by the defendant, and evidence was given tending to show that it had broken before and that defendant's engineer had knowledge of the fact. In an action by plaintiff to recover damages for injuries so sustained, *held*, that the defendant owed the plaintiff no duty in regard to the machinery rented to his employer, and that the action could not be maintained.

Where an act of negligence is eminently dangerous to the lives of others, the guilty party is liable to any person injured thereby, whether there exist any privity between them or not. Otherwise the negligent party is liable only to the person with whom he contracts.

Appeal from a judgment in favor of the defendant, entered upon a verdict directed by the court.

*H. O. Southworth*, for the appellant.

*A. P. Whitehead* and *M. W. Divine*, for the respondent.

Dykman, J. :

In August, 1875, there came a vessel to the defendant's wharf, in the city of Brooklyn, to discharge a cargo of sugar which was consigned to them, and which, by the bill of lading, was to be delivered to them upon their wharf by the master of the ship. The master of the vessel contracted with a stevedore of the name of Smith to deliver the cargo upon the wharf by the ton, and the plaintiff was employed by Smith to assist in the discharge of the cargo. The sugar was hoisted from the hold of the vessel in baskets by a rope running over a derrick and through pulley-blocks to a drum, near to an engine, which was in a building belonging to the defendant. The engine, and all the apparatus for hoisting, also belonged to the defendant, and were all operated by an engineer in its employ, and were rented to Smith by the hour to be so operated to unload this vessel.

While the plaintiff was in the hold of the vessel placing baskets of sugar under the fall, preparatory to their being raised through the hatch and landed upon the wharf, one of the baskets fell upon him and broke his leg and disabled him for life. The fall of the basket was caused by the breaking of the rope, which was attached to it for the purpose of hoisting it up and placing it upon the wharf. There was evidence which tended to show that the rope

used all belonged to the defendant, except that part which run from the wharf close to the vessel over the derrick, and that this last piece belonged to Smith, and had been spliced on to the main rope which belonged to the defendant. One witness testified that the break which caused the accident was in the rope which belonged to the defendant, and another witness testified that the break was at or near the splice.

The defendant's portion of this rope had parted three or four times while unloading this vessel, and the superintendent of the defendant knew that it broke once. The evidence tended to show that the men on the dock who were unloading the vessel knew the rope had so parted, but the plaintiff did not.

The plaintiff brought this action against the defendant to recover the damage for his injury, and the cause came on for trial at the Circuit. At the close of the plaintiff's case, his counsel requested the court to submit the question of fact to the jury, with instructions that if the jury found that the rope which broke and caused the injury was the property of the defendant, and rented to Smith as a part of the apparatus to unload the vessel, and was improper and unsafe for the use for which it was so rented, then the defendant was liable for any injury to the employes of Smith. The court refused this request, and directed the jury to find a verdict for the defendant, to which plaintiff took exceptions, and the case is brought here for review.

In determining the case here, we must assume that the jury would have found that the rope which broke and caused the accident was the property of the defendant, and was rented to Smith as a part of the apparatus for unloading the vessel, and with this assumption the question is whether this action can be maintained.

There being no privity of contract between the plaintiff and defendant, if no duty was violated except that which the defendant owed to Smith, under and by virtue of the contract made with him to furnish the hoisting power and apparatus, then this action cannot be maintained. The obligations of the defendant to Smith, whatever they were, arose solely out of the contract between them, and as the plaintiff had nothing to do with it, so he can take nothing under or by virtue of it.

The case of *Winterbottom* v. *Wright* (10 Mees and Wels., 109) was

much like this. There the defendant made a contract with the postmaster-general to provide a vehicle to convey the mail along a certain line of road, and some other persons made a contract with him to horse the coach along the same line, and they paid the plaintiff to do the driving. In consequence of a latent defect in the coach it broke down, and the plaintiff was thrown from his seat and injured, and it was held by the court that the action could not be maintained, because the defendant's duty to keep the coach in good condition was a duty to the postmaster-general under his contract, and not a duty to the plaintiff, who was employed to do the driving by the owner of the horses.

Did the defendant owe any duty to the plaintiff? The negligence of the defendant, in furnishing an unsafe apparatus for hoisting the sugar, furnishes no cause of action to the plaintiff, unless it establishes a breach of duty. There is a well-recognized distinction in the law between an act of negligence which is eminently dangerous to the lives of others and one that is not so. In the former case, the guilty party is liable to any person who sustains an injury by the act, whether there exists any privity between them or not, while in the latter case, the negligent party is liable only to the party with whom he contracted, on the ground that his negligence constitutes a breach of his contract.

The defendant cannot be made liable under the first part of the rule here stated, because it cannot be said that the act of which it was guilty was imminently dangerous to the lives of others. Acts within that meaning are, where the owner of a loaded gun puts it in the hands of a child of indiscretion *Dixon* v. *Bell* (5 Maul. & Sel., 198), and where a dealer in drugs carelessly labels a deadly poison as a harmless medicine, and sends it so labeled into the market. (*Thomas* v. *Winchester*, 6 N. Y., 397.) In both of these cases the party is liable to any person who sustains damages from the carelessness, for the reason that death or great bodily harm is almost certain to ensue therefrom.

The negligence of this defendant, however, was not of this character, and does not fall within this rule. It was neither natural nor certain that injury or death would result therefrom, and only imposed a liability in cases where a duty or obligation arose from the relation of the parties; but the plaintiff and defendant sus-

tained no such relation. If the plaintiff has a cause of action against the defendant, he has against the vendor or manufacturer of the rope also. No case has yet gone to this extent, and there are many cases where the liability has been denied which involved this principle. It cannot be said that the motive power and the hoisting apparatus were under the control of the defendant. It is true all of it belonged to the defendant, but it was hired to the stevedore, and was all under his control and direction, together with the engineer who had charge of the engine.

Whatever the duties and liabilities were which existed between the plaintiff and the stevedore, and whatever liability over to him there was against the defendant, as to him, we conclude that the plaintiff cannot maintain this action against the defendant, and that the judgment must be affirmed, with costs.

Present — BARNARD, P. J., and DYKMAN, J.; GILBERT, J., not sitting.

Judgment affirmed, with costs.